## Staunton

SOUTHERN RAILWAY COMPANY V. R. F. GILES, ADMINISTRA-
TOR OF THE ESTATE OF NANCY JANE ROBERTS,
DECEASED.

September 23, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Thomas B. Gay, George Morton* and *R. R. Parker,* for the plaintiff in error.

*L. M. Robinette, W. L. Davidson* and *J. D. Carter,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This is an action for damages for the wrongful death of Nancy Jane Roberts, a pedestrian, who was killed by a train of the Southern Railway Company at a grade crossing on a State Highway. There was a verdict of $2,000 in favor of the administrator, on which the trial court entered judgment.

The only question which we need consider is whether the evidence is sufficient to support the verdict and judgment.

The accident occurred between seven and eight o'clock in the morning of June 25, 1935, at Nickels' crossing on the Appalachian division of the Southern Railway in Lee county, Virginia. At the crossing the single-track railroad runs approximately east and west and is intersected by State Highway No. 23, which runs approximately northeast and southwest.

Shortly before the accident Mrs. Roberts had been milking in a barn located near the highway, about four hundred feet southwest of the crossing. Having completed her task she left the barn and walked northeastwardly along the highway towards her home, which was located some one hundred yards beyond the crossing. She was alone and was carrying a pail of milk and a "poke" of meal. At the crossing she was struck and killed instantly by an eastbound train which approached on her left.

The principal contention of the administrator is that the railroad company was guilty of negligence in failing to give the statutory signals for the crossing, and that this was the proximate cause of the accident.

The evidence as to whether the whistle was actually blown is highly conflicting. All of the members of the train crew insisted that it was, and in this they are corroborated by the testimony of disinterested witnesses.

■ On the other hand, there is testimony from which the jury had the right, we think, to infer that the required signals were not given. The jury having spoken, its verdict has concluded this issue in favor of the administrator.

■ The undisputed evidence is that looking east, the direction in which the train was going, the track curves to the right as it approaches the crossing. The engineer, Smith, the only eyewitness to the accident, testified that as his engine came around this curve he was looking out of the window on the right side of the cab; that when approximately two hundred feet from the crossing he saw Mrs. Roberts standing on the highway, about twenty feet from the nearest rail, looking directly at the train, which was approaching on her left at a speed of about thirty miles an hour; that she remained thus standing and looking at the train until the engine was about one hundred or one hundred and twenty feet away from her, when suddenly, without any previous intimation of her intention to do so, she started to run across the track in front of the engine; that he immediately applied the emergency brakes but at the speed at which the train was traveling it was impossible to stop it before Mrs. Roberts was struck and killed.

The map offered in evidence by the administrator shows that Mrs. Roberts, while standing twenty feet from the nearest rail, had an unobstructed view of the oncoming engine for a distance of more than three hundred feet.

We do not think the jury had the right to disregard this undisputed and unimpeached testimony of the engineer.

■ When such testimony is taken as true, we see that there is no causal connection between the failure to give

the statutory signals and the accident. In other words, the failure to give the signals was not the proximate cause of Mrs. Roberts' death.

■■ The purpose of the signals is to warn those using the crossing of the approach of the train. Here neither the sound of the whistle nor the ringing of the bell could have given Mrs. Roberts any more warning or information than she already had, for the evidence is that she had seen the oncoming train, had at first decided to allow it to pass, and then, for some unaccountable reason, when it was close upon her, she left her place of safety and attempted to cross the track directly in front of the engine. We think it is clear that her own negligence was the sole proximate cause of the accident.

■■ As Justice Hudgins said in *Chesapeake & Ohio Ry. Co.* v. *Barlow,* 155 Va. 863, 872, 156 S. E. 397, 400: "This court has consistently construed section 3959, Code, to mean that there must be a causal connection between the failure to give the statutory signals and the injury, but in no case has a recovery been allowed where the undisputed evidence showed that the plaintiff's negligence was the *sole* proximate cause of the collision. If the plaintiff sees that the train is approaching, the blowing of the whistle and the ringing of the bell can give him no further information, and if he attempts to cross the track and is injured the accident is the result of his own negligence, and the negligence of the company in failing to give the statutory signals can not be said to be a contributing cause of his injury." See also, *Johnson* v. *R., F. & P. R. Co.,* 160 Va. 766, 780, 781, 169 S. E. 603.

The trial court should have set aside the verdict of the jury and entered a final judgment for the defendant, and it erred in not doing so. Accordingly, the judgment will be reversed and a final judgment entered here for the defendant.

*Reversed and final judgment.*